1

2

3

4

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10                       **Western Division**

11

SECURITIES AND EXCHANGE                    Case No. 8:22-cv-00941-AH (KESx)
12 COMMISSION,
                              Plaintiff,
13              vs.

14 TKO FARMS, INC, a private                **FINAL JUDGMENT AS TO**
   Wyoming Corporation; AGRAVITAE,          **DEFENDANT AGRAVITAE, INC.**
15 INC., a private Wyoming Corporation;
   KENNETH DEWAYNE OWEN, an
16 individual; REYNALDO AGUILAR
   (JR.), an individual; JAMES BRIAN        **NOTE CHAGES MADE BY COURT**
17 BLAYLOCK, an individual; ROSS
   GREGORY ERSKINE, an individual,
18 and the ESTATE OF GILBERT
   ALLAN PENHOLLOW,
19

20                            Defendants,
                and
21

22 FREELIFE LOGISTICS LLC, a
   private Wyoming Limited Liability
23 Company; PERSONAL GROUP, LLC,
   a private Nevada Limited Liability
24 Company; SIGNATURE ONE
   CAPITAL INC, a private Nevada
25 Corporation; and STORBER, LLC, a
   private California Limited Liability
26 Company,
27                      Relief Defendants.

28

The Court, having granted Plaintiff Securities and Exchange Commission's ("SEC" or "Commission") Motion for Summary Judgment ("Motion") pursuant to Rule 56 of the Federal Rules of Civil Procedure (Dkt. 122), and having granted, in part, and denied, in part, the SEC's Motion for Remedies (Dkt. 205), imposes on Defendant Agravitae, Inc. ("Defendant") the following final judgment consistent with those rulings.

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;  or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker and/or dealer pursuant to Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal

1 | service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

2 | attorneys; and (b) other persons in active concert or participation with Defendant or

3 | with anyone described in (a).

**V.**

5 | IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

6 | Defendant is jointly and severally liable with Defendants Kenneth Dewayne Owen

7 | and TKO Farms, Inc. for disgorgement of $5,746,813.44, representing net profits

8 | gained as a result of the conduct alleged in the Complaint, together with prejudgment

9 | interest thereon in the amount of $1,261,939.77, and Defendant shall pay a civil

10 | penalty in the amount of $1,152,314 pursuant to Section 20(d) of the Securities Act

11 | and Section 21(d)(3) of the Exchange Act.  Defendant shall satisfy this obligation by

12 | paying $8,161,067.21 to the Securities and Exchange Commission within 30 days

13 | after entry of this Final Judgment.

14 | Defendant may transmit payment electronically to the Commission, which will

15 | provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also

16 | be made directly from a bank account via Pay.gov through the SEC website at

17 | http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified

18 | check, bank cashier's check, or United States postal money order payable to the

19 | Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Agravitae, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By

1  making this payment, Defendant relinquishes all legal and equitable right, title, and

2  interest in such funds and no part of the funds shall be returned to Defendant.

3      The Commission may enforce the Court's judgment for disgorgement and

4  prejudgment interest by using all collection procedures authorized by law, including,

5  but not limited to, moving for civil contempt at any time after 30 days following entry

6  of this Final Judgment.

7      The Commission may enforce the Court's judgment for penalties by the use of

8  all collection procedures authorized by law, including the Federal Debt Collection

9  Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the

10  violation of any Court orders issued in this action.   Defendant shall pay post

11  judgment interest on any amounts due after 30 days of the entry of this Final

12  Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds,

13  together with any interest and income earned thereon (collectively, the "Fund"),

14  pending further order of the Court.

15      The Commission shall petition the Court and propose a plan to distribute the

16  Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be

17  distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-

18  Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any

19  distribution of the Fund and the Fund may only be disbursed pursuant to an Order of

20  the Court.

21      Regardless of whether any such Fair Fund distribution is made, amounts

22  ordered to be paid as civil penalties pursuant to this Judgment shall be treated as

23  penalties paid to the government for all purposes, including all tax purposes.  To

24  preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or

25  reduction of any award of compensatory damages in any Related Investor Action

26  based on Defendant's payment of disgorgement in this action, argue that it is entitled

27  to, nor shall it further benefit by, offset or reduction of such compensatory damages

28  award by the amount of any part of Defendant's payment of a civil penalty in this

action ("Penalty Offset").  If the court in any Related Investor Action grants such a

Penalty Offset, Defendant shall, within 30 days after entry of a final order granting

the Penalty Offset, notify the Commission's counsel in this action and pay the amount

of the Penalty Offset to the United States Treasury or to a Fair Fund, as the

Commission directs.  Such a payment shall not be deemed an additional civil penalty

and shall not be deemed to change the amount of the civil penalty imposed in this

Judgment.  For purposes of this paragraph, a "Related Investor Action" means a

private damages action brought against Defendant by or on behalf of one or more

investors based on substantially the same facts as alleged in the Complaint in this

action.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal

Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith

and without further notice.


IT IS SO ORDERED.


Dated:  SEPTEMBER 16, 2025

HON. ANNE HWANG
United States District Judge

7