UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　　Plaintiff,<br>　　vs.<br>TKO FARMS, INC, a private Wyoming Corporation; AGRAVITAE, INC., a private Wyoming Corporation; KENNETH DEWAYNE OWEN, an individual; REYNALDO AGUILAR (JR.), an individual; JAMES BRIAN BLAYLOCK, an individual; ROSS GREGORY ERSKINE, an individual, and the ESTATE OF GILBERT ALLAN PENHOLLOW,<br>　　　　　　　Defendants,<br>　　and<br>FREELIFE LOGISTICS LLC, a private Wyoming Limited Liability Company; PERSONAL GROUP, LLC, a private Nevada Limited Liability Company; SIGNATURE ONE CAPITAL INC, a private Nevada Corporation; and STORBER, LLC, a private California Limited Liability Company,<br>　　　　　　　Relief Defendants. | Case No. 8:22-cv-00941-AH (KESx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT REYNALDO AGUILAR, JR.**<br><br><u>**NOTE CHAGES MADE BY COURT**</u> |

The Court, having granted Plaintiff Securities and Exchange Commission's ("SEC" or "Commission") Motion for Summary Judgment ("Motion") pursuant to Rule 56 of the Federal Rules of Civil Procedure (Dkt. 122), and having granted, in part, and denied, in part, the SEC's Motion for Remedies (Dkt. 205), imposes on Defendant Reynaldo Aguilar, Jr. ("Defendant") the following final judgment consistent with those rulings.

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

1  binds the following who receive actual notice of this Final Judgment by personal
2  service or otherwise: (a) Defendant's officers, agents, servants, employees, and
3  attorneys; and (b) other persons in active concert or participation with Defendant or
4  with anyone described in (a).

## II.

6  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
7  Defendant is permanently restrained and enjoined from violating, directly or
8  indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by making use of
9  the mails or any means or instrumentality of interstate commerce to effect any
10 transactions in, or to induce or attempt to induce the purchase or sale of, any security,
11 without being registered as a broker and/or dealer pursuant to Section 15(b) of the
12 Exchange Act [15 U.S.C. § 78o(b)].

13 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
14 provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
15 binds the following who receive actual notice of this Final Judgment by personal
16 service or otherwise: (a) Defendant's officers, agents, servants, employees, and
17 attorneys; and (b) other persons in active concert or participation with Defendant or
18 with anyone described in (a).

## III.

20 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to
21 Section 21(d)(1) and (5) of the Exchange Act [15 U.S.C. §§ 78u(d)(1) and (5)] and
22 Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Defendant is permanently
23 restrained and enjoined from, directly or indirectly, including, but not limited to,
24 through any entity owned or controlled by Aguilar, soliciting any person or entity to
25 purchase or sell any security.

26 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
27 provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
28 binds the following who receive actual notice of this Final Judgment by personal

3

service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of $25,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $25,000 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Reynaldo Aguilar, Jr. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for penalties by the use of

all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission shall petition this Court and propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a

1  private damages action brought against Defendant by or on behalf of one or more
2  investors based on substantially the same facts as alleged in the Complaint in this
3  action.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: SEPTEMBER 16, 2025



HON. ANNE HWANG
United States District Judge