1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                    Plaintiff,<br>        vs.<br><br>TKO FARMS, INC, a private Wyoming Corporation; AGRAVITAE, INC., a private Wyoming Corporation; KENNETH DEWAYNE OWEN, an individual; REYNALDO AGUILAR (JR.), an individual; JAMES BRIAN BLAYLOCK, an individual; ROSS GREGORY ERSKINE, an individual, and the ESTATE OF GILBERT ALLAN PENHOLLOW,<br><br>                    Defendants,<br>        and<br><br>FREELIFE LOGISTICS LLC, a private Wyoming Limited Liability Company; PERSONAL GROUP, LLC, a private Nevada Limited Liability Company; SIGNATURE ONE CAPITAL INC, a private Nevada Corporation; and STORBER, LLC, a private California Limited Liability Company,<br>                    Relief Defendants. | Case No. 8:22-cv-00941-AH (KESx)<br><br><br>**FINAL JUDGMENT AS TO DEFENDANT TKO FARMS, INC.**<br><br><br><br><u>**NOTE CHAGES MADE BY COURT**</u> |

The Court, having granted Plaintiff Securities and Exchange Commission's ("SEC" or "Commission") Motion for Summary Judgment ("Motion") pursuant to Rule 56 of the Federal Rules of Civil Procedure (Dkt. 122), and having granted, in part, and denied, in part, the SEC's Motion for Remedies (Dkt. 205), imposes on Defendant TKO Farms, Inc. ("Defendant") the following final judgment consistent with those rulings.

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;  or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

1      (b)     Unless a registration statement is in effect as to a security,
2  carrying or causing to be carried through the mails or in interstate commerce, by any
3  means or instruments of transportation, any such security for the purpose of sale or
4  for delivery after sale; or

5      (c)     Making use of any means or instruments of transportation or
6  communication in interstate commerce or of the mails to offer to sell or offer to buy
7  through the use or medium of any prospectus or otherwise any security, unless a
8  registration statement has been filed with the Commission as to such security, or
9  while the registration statement is the subject of a refusal order or stop order or (prior
10  to the effective date of the registration statement) any public proceeding or
11  examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

12     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
13  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
14  binds the following who receive actual notice of this Final Judgment by personal
15  service or otherwise:  (a) Defendant's officers, agents, servants, employees, and
16  attorneys; and (b) other persons in active concert or participation with Defendant or
17  with anyone described in (a).

**IV.**

18
19     IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
20  Defendant is permanently restrained and enjoined from violating, directly or
21  indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by making use of
22  the mails or any means or instrumentality of interstate commerce to effect any
23  transactions in, or to induce or attempt to induce the purchase or sale of, any security,
24  without being registered as a broker and/or dealer pursuant to Section 15(b) of the
25  Exchange Act [15 U.S.C. § 78o(b)].

26     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
27  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
28  binds the following who receive actual notice of this Final Judgment by personal

service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is jointly and severally liable with Defendants Kenneth Dewayne Owen and Agravitae for disgorgement of $5,746,813.44, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,261,939.77, and Defendant shall pay a civil penalty in the amount of $1,152,314 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.  Defendant shall satisfy this obligation by paying $8,161,067.21 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; TKO Farms, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By

making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission shall petition the Court and propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this

action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated:  SEPTEMBER 16, 2025

HON. ANNE HWANG
United States District Judge